ADAMS, Justice.
This appeal is from a judgment rendered in the Circuit Court of Shelby County, Alabama, on May 17, 1983. Don Lovelady filed suit, seeking partition of certain land or a sale for division, on August 21, 1972. The appellants claim that the court’s determination of the fractional interests in the property was not supported by even a scintilla of evidence at trial, and, thus, they seek a reversal of the judgment below.
The facts of this case are as follows:
All of the parties in this action are heirs of John Russell Butler and his wife, J.A. Butler, and derived their interests in the property from them. By 1916, John Russell Butler and his wife had conveyed to their son Joseph H. Butler a Vb interest in the land.
John Russell Butler died in 1928. He was survived by six children: Joseph H. Butler, Alice E. Butler, Walter L. Butler, Jasper D. Butler, John Robert Butler, and Parry Lee Butler Lovelady. Since John Russell Butler died intestate, his interest in the property descended at his death to his six children. Therefore, each of his six children received an equal Vb of the ½ interest that he had retained in the property. Joseph H. Butler now owned a V12 interest in the property.
Walter L. Butler died without issue in 1933. This meant that each of his five brothers and sisters inherited V5 of Walter’s V12 interest in the property. Joseph H. Butler’s interest was, therefore, increased to 3%o, while his four brothers and sisters each now owned a %o interest.
Both sides agree with the ownership interests stated up to this point. The problem arises concerning a deed executed on April 25, 1945, from Joseph H. Butler to Alice E. Butler. The appellants contend that Joseph conveyed all his interest in the property to his younger sister Alice. The appellees argue that the deed only effectuated a conveyance of ⅛ of Joseph’s interest in the property.
The dispute herein is centered around what the appellants have labelled a latent ambiguity in the wording of the deed. The description in the deed purported to give Alice a Vb interest in the property. At the end of the description, however, the scrivener included the phrase: “this making Alice E. Butler a half interest in the above lands.” The ambiguity exists because the gift of a ⅛ interest in the property did not make Alice an owner of a V2 interest in the land.
Although the appellants raise three issues for our review, we focus our attention on issue one: whether the trial court erred by refusing to give any effect to the deed dated April 25, 1945. The court’s decree, wherein the 1945 deed is treated as if it were invalid, was not supported by any *93 evidence at trial. Therefore, we hold that the ease is due to be reversed. Since our resolution of issue one necessitates a reversal, we pretermit discussion of issues two and three.
In this case we are faced with a peculiar situation: the appellants and the appellees agree that the judgment of the trial court is incorrect. The figures used by the trial court in its decree were identical to those submitted by the appellees in their amendment to the complaint filed on July 2, 1981. These figures were based on the appellees’ contention that the deed was totally ineffective due to the grantor’s lack of capacity to execute a deed. At trial, however, the parties stipulated that the grantor did have capacity to execute the deed. The question then was not the effectiveness of the deed, but how much property Joseph H. Butler conveyed to Alice E. Butler. The appellants claim that Joseph transferred all of his interest in the property, and the appel-lees contend that only a ⅛ interest was transferred, but no one at trial claimed that the deed was totally ineffective. However, contrary to the evidence presented at trial, the court, in its decree, gave no effect to the deed from Joseph to Alice.
Inasmuch as the trial court ruled on what both sides concede was an erroneous basis, and a conflict in contentions exists as to the applicable law in this matter, under the circumstances of this case justice would best be served if the case is reversed. This would allow the court a fresh look at the case, now recognizing that there is no claim of mental incapacity. The court will then be able to render its decision based on the facts and applicable law of the case.
For the reasons stated above, we reverse the judgment of the trial court and remand the cause for a proceeding consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.